Morgan, J.
The accused were indicted and found guilty of the murder of Henry Harris. They were sentenced to be hung, and have appealed to us.
*573 On the trial Alcee Harris objected to the introduction of the testimony of T. MeEnery, a witness on the part of the State, who swore that Nellum had confessed to the murder of the deceased, his confession involving- her in the crime. No severance was asked by either of the defendants. The testimony of MeEnery was not objected to by Nellum. Alcee contends that, as to her, it was hearsay, and therefore inadmissible. This evidence was only offered and received as against Nellum, and as to him it was admissible. She also contends that the evidence was inadmissible because MeEnery, to whom the confession was made, had no authority to arrest and detain Nellum, MeEnery being a private citizen, clothed with no authority.
As this testimouy was not used against her, under the instructions of the district judge, she can not complain. She urges that it had an effect upon the jury. But we must presume that the jury followed the instructions of the court, and that her conviction resulted from evidence other than McEnery’s.
They both moved for a new trial, on the ground that the verdict of the jury was contrary to law and the evidence. The new trial was refused. As no question of law is presented in either of these motions, we can not consider the legality of the judge’s rulings upon them. Both defendants then moved for an arrest of judgment. They aver that the indictment is fatally defective, inasmuch as it reads : “ And him (Henry Harris) they, Alcee Harris and Toney Nellum, did feloniously, and of their malice aforethought, kill and murder then and there; when in fact and in law the indictment should contain, and the State should have alleged and inserted a count that the parties to the indictment did feloniously, willfully, and of their malice aforethought, kill and murder the deceased. In simple phrase, they contend that the word willful is not to be found in the indictment; that this word is sacramental, and that being omitted the indictment is worthless.
We can not assent to their proposition. They are charged with having feloniously murdered the deceased. The felonious murdering was necessarily a willful act. The word willful is not sacramental in an indictment for murder. If the killing had not been willful, it would not have been murder; if it had not been felonious, it would not have been murder. Whether it was willful and felonious, were questions of fact which it was the province of the jury to decide, without deciding which against them, they could not have been convicted.
The district judge has not erred in his rulings in this case, and the law must take its course.
Judgment affirmed.
Rehearing refused.