## THE STATE v. HARRY H. VAUGHAN, alias HARRY VAUGHAN, Appellant.

### Division Two, November 20, 1906.

1. **ROBBERY: Sufficiency of Evidence.** Evidence held sufficient to justify the verdict finding defendant guilty of robbery in the first degree.

2. **FORMER CONVICTIONS: Habitual Criminal.** The records of defendant's former convictions of felonies were properly admitted in evidence, and established the fact that he was an habitual criminal.

Appeal from St. Louis City Circuit Court.—*Hon. Robt. M. Foster,* Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

(1)   The State's evidence was properly admitted; the record of defendant's former convictions and terms in the State penitentiary certainly showed that he was an habitual criminal.   R. S. 1899, sec. 2379; State v. Carr, 146 Mo. 1.   (2)   The evidence abundantly establishes the fact of defendant's presence at the front door of Seiving's drug store on the night of the robbery, and at the very time of the robbery.   And the evidence further clearly shows that the man at said door had a pistol in his hand, and aided the robber in the store, counseled, advised and directed him in the perpetration of this crime.   Standing guard for another who commits the crime of larceny, burglary or robbery is a participation in said crime, as has often been held. State v. Valle, 196 Mo. 29; 2 Russell on Crimes, p. 115; 2 Wharton's Crim. Law, sec. 211a; 2 Bishop's New Crim. Law, sec. 1180.

BURGESS, P. J.—The defendant was convicted in the circuit court of the city of St. Louis of robbery in the first degree as an habitual criminal.   The offense of which he was convicted was alleged in the information to have been committed October 15, 1904.   The name of the person robbed was Gustave W. Seiving, and the amount taken from him $24.

At a trial had on the 27th day of January, 1905, the defendant was tried, found guilty of robbery in the first degree as charged and his punishment fixed at thirty-five years in the penitentiary.   He appeals and assigns error.   Defendant is not represented in this court.

The facts, briefly stated, are, that at the time of the robbery Gustave W. Seiving was the owner of a drug store at No. 3601 Jefferson avenue, in the city of St. Louis. That at twenty minutes before eleven o'clock on the night of October 15, 1904, Seiving was in his store talking to a friend of his named Riley. Riley was near the front door and walking towards the door, when an unknown man (who afterwards turned out to be Bruce Morris) walked in at said door, pointed a pistol at Riley and demanded of him that the cash drawer be opened. Riley at first laughed, saying that he was not the proprietor, when Morris told him not to laugh, or he would get his head blown off. Just about that time, Seiving walked out from behind the prescription case, and Morris demanded of him to give over the money. Seiving walked with Morris to the cash register, opened it, and took out $24 which he gave to Morris, Morris still holding the pistol on Seiving. Morris then asked what money they had in their pockets, and Seiving gave him thirty cents, Riley having nothing. An effort was made to open the safe, but Seiving assured Morris that there was no money in the safe. After some more threats and striking of Seiving by Morris with his pistol, Morris started to leave. Both Riley and Seiving saw a white man standing at the front door at the time that Morris was in the store, who wore a black slouch hat. The man at the door called out to Morris to take Seiving back there and bust his head; and later on to get a couple of cigars, and finally said, "Just bring a box of cigars." In response to this command, Morris did take a box of cigars out of the show case and carried them off with him. The man at the door had a pistol in his hand, but Riley and Seiving were unable to recognize his face. A gentleman who passed the store at that time saw and recognized the defendant standing at the front door, saw that he was a white man and wearing a black slouch hat. The defendant held his right hand so that this witness could not see his pistol;

but the witness looked at him and noticed his movements. As this witness was passing, defendant said, "Don't look at me so hard," and the witness passed on. In about five minutes after the robbery, Seiving reported the same to the police, and search was begun. On October 21, 1904, the officers made a raid on the room occupied by defendant, Bruce Morris and others, and three of the officers were killed, and Morris was fatally wounded. The defendant was not in the room at the time, but was on the street, just two doors away, and was arrested. Seiving and Riley both recognized Morris after he was wounded and taken to the city hospital; and the gentleman who passed the drug store recognized the defendant. A forty-four caliber pistol was found in Morris's room; and the defendant admitted to the officers and newspaper reporters that he occupied the same room with Morris, and that he and Morris came to St. Louis to engage in the business of house-breaking. Defendant also admitted that he and Morris had only recently been discharged from the Missouri penitentiary, and that they traveled to St. Louis on different trains.

The defendant offered no evidence, but stood on his demurrer thereto.

We find no objection to the information. It is in proper form and duly verified by the affidavit of the assistant circuit attorney.

The record of defendant's former convictions of felonies and terms in the State penitentiary established the fact that he was an habitual criminal, and were properly admitted in evidence. [Sec. 2379, R. S. 1899; State v. Carr, 146 Mo. 1.]

The instructions covered every phase of the case, and are free from objection.

A point is made upon the failure of the record to show that defendant was arraigned before the selection of the jury to try the case, but this seems to be a misapprehension, as the record shows that on the 26th

day of January, 1905, defendant was arraigned upon the information, waived its reading, and pleaded not guilty thereto.

The evidence showed defendant's guilt beyond any and all question. Finding no reversible error in the record, the judgment is affirmed.

All concur.