## THE STATE v. SUSIE PAYNE, Appellant.

### Division Two, November 23, 1909.

1. **INFORMATION: Preliminary Hearing: Before Law Went Into Effect.** A prosecution under an information filed before the Act of 1907 went into effect, without a preliminary hearing, was not a denial to defendant of any privilege secured by that act.

2. ————: **Amended: First Not Formally Quashed.** The former information need not be formally quashed on the record before there can be a prosecution under the amended information.

3. ————: ————: **Former Conviction: Proof.** The State has the right, in the amended information for the first time, to plead defendant's former conviction of a felony as a substantive fact constituting an aggravated offense (Sec. 2379, R. S. 1899), and by the same token the right to prove it by the records of the court in which she was convicted and by those of the penitentiary in which she was imprisoned.

4. **IMPEACHMENT: Former Conviction: Identity.** The records of defendant's former conviction of a felony and of her imprisonment may be used to impeach her testimony, and to establish her identity as the party who had served her sentence in the penitentiary.

5. **INSTRUCTION: Offense In County.** An instruction for the State which does not require the jury to find that the larceny was committed in the county where the information was filed, is defective, but if she was not convicted under section 2379, Revised Statutes 1899, it could not possibly have prejudiced her rights.

6. ————: **Demurrer.** Where the evidence tends to prove every material fact necessary to a conviction, a demurrer should be overruled.

7. ————: **Given for Defendant.** Defendant cannot complain of an instruction given at her instance.

Appeal from Pettis Circuit Court.—*Hon. Louis Hoffman*, Judge.

AFFIRMED.

*Elliott W. Major,* Attorney-General, and *Charles G. Revelle,* Assistant Attorney-General, for the State.

(1) None of the three motions to quash, nor the one motion to strike out certain portions of the information, nor exceptions to the overruling of same, were preserved in the bill of exceptions. Such matters form no part of the record proper, and this court is precluded from reviewing same when not embodied in the bill of exceptions. State v. Price, 186 Mo. 142; State v. Coleman, 199 Mo. 118; State v. Tooker, 188 Mo. 444; State v. Finley, 193 Mo. 210. The court committed no error, however, in overruling same. One of these motions assailed the information because it had been filed without defendant being first accorded a preliminary hearing, but as the information was filed on April 3, 1907, and the statute requiring a preliminary in such cases not being effective at that time (it not having become operative until July 14, 1907), defendant was not entitled to such preliminary. State v. Harvey, 214 Mo. 403; State v. Moran, 216 Mo. 550. Another motion sought to quash the information because there had been previously filed another information charging substantially the same offense, and this information was still pending and undisposed of, but this could not be sustained, because the force and vitality of the first information was suspended upon the filing of the second, and the right of the prosecuting attorney to amend or file an entirely new information is no longer open to doubt. State v. Taylor, 171 Mo. 473; State v. Vinso, 171 Mo. 585; State v. Williams, 191 Mo. 212; Sec. 2522, R. S. 1899. By still another motion she endeavored to strike out that portion of the information which charged a former conviction and discharge from the penitentiary upon compliance with the sentence. That the court properly overruled this motion admits of no doubt, as these are

allegations of material facts which constitute the aggravated offense created by section 2379, R. S. 1899. State v. Manicke, 139 Mo. 545; State v. Loehr, 93 Mo. 103; State v. Austin, 113 Mo. 538; State v. Moore, 121 Mo. 514. (2) Defendant objected to the introduction in evidence of the records and judgment showing her former conviction, but in order to establish the offense charged, such testimony was competent, and, in fact the only legal and conclusive evidence of such fact. State v. Manicke, 139 Mo. 547; State v. Vaughan, 199 Mo. 111; State v. Horn, 115 Mo. 415; State v. Moore, 121 Mo. 521. This testimony was also competent for the purpose of affecting the credibility of defendant as a witness. In order to show her compliance with the former sentence, and her discharge from the penitentiary upon such compliance, the certified copy of the records on file in the office of the warden of the penitentiary was competent. State v. Austin, 113 Mo. 544. This record, in addition to showing her discharge, contained a complete description of the person so discharged, and was competent for the additional purpose of establishing the identity of defendant, and disclosing that she was the same person who had been confined in the penitentiary and later discharged. (3) Instruction numbered 1 is defective, in that it fails to require the jury to find that the offense was committed in Pettis county, but this is not reversible, because that instruction was predicated on the habitual criminal charge, and had defendant been convicted of that offense, the punishment could not have been less than seven years. Sections 2397, 1901, R. S. 1899. The verdict of the jury assessing defendant's punishment at but five years, clearly establishes the conclusion that she was not convicted of the charge defined in that instruction, but was found guilty of the offense defined by instruction numbered 2, and instruction numbered 1, therefore, however erroneous, was not prejudicial, and resulted in no harm to defendant. State v.

Waters, 144 Mo. 341; State v. Evans, 158 Mo. 605; State v. Haynes, 160 Mo. 567; State v. Eaton, 75 Mo. 591; State v. Sansone, 116 Mo. 1; State v. Alfrey, 124 Mo. 393; State v. Darling, 199 Mo. 202. (4) The only part of instruction numbered 8 against which any criticism could be levelled, was given at the instance of defendant, and she, therefore, cannot complain. Sec. 2535, R. S. 1899, provides that no judgment shall be affected because of any error committed at the instance, or in favor of the defendant. State v. Jackson, 99 Mo. 62; State v. Manicke, 139 Mo. 548; State v. Palmer, 161 Mo. 175. This instruction, however, is not erroneous, as it not only varies the form of the instruction condemned by this court in State v. Austin, 113 Mo. 514; State v. Hobbs, 117 Mo. 621; and State v. Miller, 162 Mo. 257, but is substantially different, and conforms in substance to the instruction approved in State v. Summar, 143 Mo. 230.

GANTT, P. J.—This prosecution was commenced by an information filed by the prosecuting attorney of Pettis county, charging the defendant with larceny from the person of Homer Arnold in the nighttime. Afterwards on April 1, 1907, an amended information was filed charging the defendant with the same offense with the addition of a charge of a former conviction of the same offense, and that she had been imprisoned in the penitentiary and having fully complied with the sentence had been discharged therefrom. After unavailing motions to quash and strike out certain portions of the information, the defendant was duly arraigned and entered her plea of not guilty. She was put upon her trial before a jury duly impaneled and sworn, and found guilty of larceny from the person in the nighttime as charged in the information and her punishment assessed at five years' imprisonment in the penitentiary. Motions for new trial and in arrest of judgment were duly filed, overruled, and the defend-

ant sentenced in accord with the verdict. And an appeal was granted to this court.

The testimony on the part of the State tended to establish the truth of the charge of larceny from the person of Homer Arnold in the city of Sedalia on or about January 5, 1907, by the defendant placing her hand in his left hand trousers pocket, abstracting two dollars and some additional change therefrom, and then running away. This occurred about nine o'clock in the night of that day. The records of the circuit court of Pettis county were also introduced in evidence showing a former conviction of the defendant on the charge of grand larceny, and the record of the penitentiary showed that she had complied with the judgment and sentence and had been discharged therefrom.

There was evidence on the part of the defendant tending to show that Arnold did not have the money, and on the part of the defendant herself denying that she took from him the sum of two dollars, or any other amount, but that he gave her fifty cents. The defendant is not represented in this court by counsel, and we are driven to an examination of the record and to her motions for new trial and in arrest to discover whether any reversible errors were committed against her.

I. The information is in the usual and often approved form and is entirely sufficient.

The objection to the information on the ground that defendant had not been accorded a preliminary examination was without merit, for the reason that the act securing that privilege to defendant did not go into effect until July 14, 1907.

Equally unavailing is the point that the first information was not formally quashed on the record when the amended information was filed. [Sec. 2522, R. S. 1899; State v. Williams, 191 Mo. l. c. 212.]

Unquestionably the State had the right to plead

the former conviction as substantive fact constituting an aggravated offense under section 2379, Revised Statutes 1899, and by the same token the right to prove it by the record. [State v. Manicke, 139 Mo. 545; State v. Vaughan, 199 Mo. 111.] This evidence was likewise competent to impeach the defendant's testimony and to establish her identity as the party who had served her sentence in the penitentiary.

II. The first instruction given for the State was defective in not requiring the jury to find that the larceny was committed in Pettis county, but as defendant was not convicted under section 2379, Revised Statute 1899, it could not possibly have prejudiced her rights. [State v. Waters, 144 Mo. 341.]

III. Instruction number 2, given by the court, properly defined the offense of which the defendant was convicted. It required the jury to find all the elements and facts essential to the crime. Instructions 3, 4, 5, 6 and 7 are such as are usually given in criminal prosecution and are in accordance with long approved precedents.

Instructions one and two, requested by the defendant and refused by the court, were in the nature of demurrers and were properly denied, as the evidence tended to prove every material fact necessary to the conviction. The court gave instructions numbered 3, 4 and 7, wherein the jury were instructed that the information was a mere formal accusation and no evidence of guilt, and on the presumption of innocence, an instruction on the credibility of the witnesses, in addition to that which the court had already given of its own motion. Instructions 5 and 6, prayed by the defendant, were properly refused, as the law involved therein had been correctly declared by the court to the jury in their instructions.

As to instruction number 8, the record discloses that this was given at the instance of the defendant,

and she therefore cannot complain. [Sec. 2535, R. S. 1899; State v. Palmer, 161 Mo. l. c. 175; State v. Summar, 143 Mo. 230.]

IV. The exception based upon the remarks of the prosecuting attorney, we think, is without any substantial merit, and, in our opinion, furnishes no ground whatever for the reversal of this judgment. We have been unable to find any error which in the least tends to the prejudice of the defendant's substantial rights. Accordingly the judgment is affirmed.

*Burgess* and *Fox, JJ.,* concur.

