# THE STATE v. FARMER FERGUSON, Appellant.

## In Banc, May 16, 1919.

1. **INFORMATION: Preliminary Hearing: Held .for Grand Jury.** That the accused, after a preliminary hearing before a justice of the peace, was held without bail to await the action of the grand jury, did not preclude the prosecuting attorney from proceeding against him by information filed in the criminal court in vacation. The preliminary examination, being thus limited, did not constitute one of the "modes of procedure" prescribed by the statute (Sec. 5055, R. S. 1909).

2. **JURISDICTION: Transcript of Evidence at Preliminary Hearing.** The Criminal Court of Greene County being clothed by statute with exclusive original jurisdiction of all criminal cases in said county, an information filed therein by the prosecuting attorney is within its jurisdiction, and it is not deprived of its jurisdiction because the testimony taken at a preliminary hearing was not reduced to writing, signed by the witnesses, certified by the magistrate and by him delivered to the clerk of the court having cognizance of the case, as required by statute (Secs. 5033, R. S. 1909).

3. ———: **Preliminary Hearing: Waiver.** The right to a preliminary examination as a condition precedent to the filing of an information in the trial court is not jurisdictional, and if the accused pleads the general issue of not guilty in the trial court he waives his right to a preliminary examination.

4. **INFORMATION: Name of County Following Prosecutor's Signature.** That the prosecuting attorney did not append the words "of Greene County" to his signature to the information, is not error, in the absence of any showing that accused was prejudicially affected thereby.

5. ———: **Omission of Word Wilfully.** An information which charges that defendant "feloniously, deliberately, premeditatedly and of his malice aforethought" shot and killed another, does not, by omitting the word "wilfully," fail to sufficiently charge murder. The words "of his malice aforethought" are of like import and even more intensive in their meaning than the word "wilfully," and the word "feloniously" is further expletive of the wilful intention. Such an information does not violate the rule which forbids in criminal pleading the leaving of any material allegation to intendment or implication, nor does it impinge upon the constitutional requirement that the accused shall be apprised of the nature and cause of the action against him.

State v. Ferguson.

6. ————: ————: **In Language of Statute.** The statute which defines murder in the first degree to be "any wilful, deliberate and premeditated killing," does not attempt to declare all the material allegations required to be set forth in the charge, for it omits the words "feloniously," "with malice aforethought" and "murder," uniformly held necessary in charging the offense.

7. ————: ————: **Murder in Second Degree.** The same essential elements necessary to charge murder in the first degree are required in a charge of murder in the second degree except the element of deliberation. The same canons of constructions will therefore apply in testing the sufficiency of an information in the one as in the other, except that the information charging second degree murder need not contain the averment of deliberation.

8. **WITNESSES: Indorsement on Information: Motion to Quash.** To render effective an objection that the names of all the witnesses examined by the State were not indorsed on the information a motion to quash should be made or an application for a continuance on account of such omission should be filed.

9. ————: **Using All Subpoenaed.** It is not compulsory upon the State to examine all the witnesses by it subpoenaed.

10. **JURY: Objections: Preservation for Review.** Complaint of the manner in which the jury was summoned and impaneled cannot be preserved for review solely by the motion for a new trial. Objections should be made and exceptions saved at the time they are summoned and impaneled.

11. **TESTIMONY: Order of Admission: Judicial Discretion.** In the absence of a showing of resulting prejudice, it will not be held that the trial court failed to exercise a wise judicial discretion in admitting in rebuttal the testimony of certain witnesses.

12. ————: **Conclusions of Fact: Necessity.** Testimony as to the condition of defendant immediately after firing the fatal shot is not to be excluded on the sole ground that it constitutes conclusions and opinions rather than statements of facts, but is admissible on the ground of necessity, defendant's condition being open to the senses and not otherwise capable of exact description. [Following State v. Stewart, 274 Mo. l. c. 658.]

13. ————: **Cross-Examination of Defendant: Unanswered Inquiry.** If a question asked by the prosecuting attorney on cross-examination of defendant could not alone have had any prejudicial effect, and upon objection was excluded and remained unanswered, there was no error in asking it.

14. ————: **Hypothetical Question.** In putting a hypothetical question to an expert witness the prosecuting attorney is authorized to frame it in accordance with the State's theory of the evidence. It is not essential that the facts be stated as they acually exist;

nor is it improper because it includes only a part of the facts in evidence.

15. ———: **Defendant's Relations to His Wife.** In the trial of a defendant charged with the murder of his wife, testimony by third parties as to the relations between him and her prior to the homicide, and as to her relations with her paramour, if it discloses no facts constituting a defense to the crime charged, should be excluded.

16. **INSTRUCTION: Given at Defendant's Request.** An instruction given at defendant's request, although a literal copy of one previously condemned when asked by the State, is an error of which he cannot complain. Besides, being one of his instructions, it is not preserved for review on his sole appeal.

Appeal from Greene Circuit Court.—*Hon. Arch A. Johnson,* Judge.

AFFIRMED.

*Frank B. Williams* and *Delaney & Delaney* for appellant.

(1) The court erred in permitting the State to proceed against defendant by information. While the law contemplates a proceeding either by information or indictment, it holds the State to procedure first adopted. In this case defendant was arrested on warrant. A preliminary hearing was had and the evidence of witnesses reduced to writing, although not signed or filed as required by law. The defendant was committed to jail without bail to await the action of the grand jury. A vacation order was made by the court calling for a grand jury and directing that they be selected and summoned. After the making of this order the information herein was filed a few days before court convened. The grand jury was duly summoned and empanelled as by the order of court directed. It is not contemplated that an information for felony and especially for homicide may be filed when a grand jury has been ordered. Amendment of Constitution of March 1900; Sec. 5055, R. S. 1909. (2) The alleged information, even if procedure by information be allowable herein, did not confer jur-

isdiction on the court and did not authorize proceeding by the court because the testimony taken at the preliminary hearing had not been signed by the respective witnesses who testified, and because the signed testimony had not been filed in the criminal court or with the clerk thereof at or before the trial hereof. The object of a preliminary hearing and the requirement of filing same are: (a) To determine if there be sufficient evidence upon which to hold defendant; and (b) to advise defendant of the character of testimony against him and of the names of the witnesses so that he may have opportunity to prepare his defense. Unless Sec. 5042, R. S. 1909, be complied with by filing the evidence, the chief object of the law so far as the defendant is concerned is defeated. Art. 5, Chap. 37, R. S. 1909; Laws 1913, p. 224; Secs. 5033, 5042 and 5056, R. S. 1909; State v. Jeffries, 210 Mo. 319; State v. Sassaman, 214 Mo. 718; State v. Keener, 225 Mo. 495. (3) Aside from the objections to the form of the information, to-wit, that it is not properly authenticated by the prosecuting attorney "of Greene County, Missouri," and because the oath does not purport to be made by the prosecuting attorney "of Greene County, Missouri," it is bad in substance and will not sustain a verdict of guilty or judgment thereon, in this: The charge of wilfulness is omitted entirely in the information. It is not charged that defendant assaulted deceased wilfully, or that the shot was fired wilfully or that the wound was inflicted wilfully. The element of wilfulness is an essential one and the omissions are fatal. No evidence should therefore have been admitted and the motion in arrest should have been sustained. On the use of the word wilful in approved forms and authorities we cite: State v. Comfort, 5 Mo. 357; State v. Harris, 34 Mo. 347; State v. McDonald, 67 Mo. 13; State v. Davis, 121 Mo. 404; State v. Green, 111 Mo. 588; State v. Rector, 126 Mo. 328; State v. Blan, 69 Mo. 317; State v. Reakey, 62 Mo. 42; State v. Reakey, 1 Mo. App. 3; State v. Myers, 99 Mo. 107; State v. Herrell, 97 Mo. 108; State v. Emerich, 87 Mo.

State v. Ferguson.

115; State v. Rice, 149 Mo. 466; Kelley Crim L. & Pr. (3 Ed.) secs. 190, 477, 478, 479; State v. Silk, 145 Mo. 240. A strained construction should not be indulged to sustain the information. The word "wilfully" has been incorporated by all writers into the form of indictment for murder in either degree—as much so and with more reason than the word "feloniously." (4) The names of. two material witnesses (one an eye-witness) were not originally indorsed on information and were not indorsed on the copy of the information served upon the defendant. This is unfair and prejudicial to the defense and is a virtual concealment from the defense of the witnesses to be used against him. It certainly ought not be cured or the practice sustained by Statute of Jeofails. (5) The court erred in permitting witnesses to testify to conclusions; that is, permitted them to state their opinions as to whether defendant was cool or excited following the homicide. The same character of testimony was offered by defendant and was excluded by court. Both rulings cannot be correct. (6) The court erred in submitting the alleged hypothetical case prepared by State because it failed to include material matter offered in defense. (7) The court erred in excluding evidence of communications between husband and wife through third parties which tended to show condition of defendant's mind and the relations of the parties. (8) It erred in excluding declarations and communications made by the daughter Theresa and by the son Charley to defendant, while permitting the expressions of defendant in same conversation. This was necessary to make the evidence admitted intelligible and show condition of defendant's mind. All of the conversations should have been admitted and then covered by proper instructions. (9) The court erred in excluding certain parts of the testimony tending to show relations between deceased wife and Smithmier; and by excluding testimony as to appearances of conduct between Smithmier and Clara Ferguson. (10) Instruction 7 on insanity is erroneous, in this : It virtually told the jury

that insanity is the only defense the defendant has interposed. By a plain, every-day construction that would be placed upon it by an every-day run of jurors it excludes every other defense. It is erroneous in this: That it requires the defendant to raise in the minds of jurors more than a reasonable doubt as to his sanity, but places the burden on defendant to establish insanity affirmatively to the reasonable satisfaction of the jury.

*Frank W. McAllister*, Attorney-General, and *Shrader P. Howell*, Assistant Attorney-General, for respondent.

(1) The information contains all allegations essential to constitute murder in the second degree. State v. Clay, 201 Mo. 679; State v. Privitt, 175 Mo. 223; State v. Conley, 255 Mo. 194. (2) The omission of the word "wilfully" is not fatal for the reason that its meaning is embraced in the words "feloniously" and "of malice aforethought." Secs. 4448, 4449, R. S. 1909; 4 Blackstone, p. 195; State v. Arnold, 11 S. E. (N. C.), 990; Ward v. State, 11 So. 217; Aubrey v. State, 35 S. W. 792; Carrol v. State, 75 S. W. 471; Daniels v. State, 88 S. W. (Ark.) 845; Wharton on Homicide, sec. 111, p. 158; State v. McDaniel, 45 La. Ann. 686; Flint v. Comm., 81 Ky. 187; State v. Lowe, 93 Mo. 573; State v. Marsh, 171 Mo. 522; Bower v. State, 5 Mo. 379. (3) By express terms of the Constitution indictments and informations are concurrent remedies and, therefore, the prosecuting attorney has authority to file an information at any time, either in term or in vacation. Article 2, sec. 12, Const. Mo. 1875; Sec. 5077, R. S. 1909; State v. Jones, 168 Mo. 398; State v. Kyle, 166 Mo. 287. (4) And even after defendant has been bound over to the circuit court the prosecuting attorney may file an information in lieu of an indictment. State v. Harvey, 214 Mo. 409. (5) The information is properly signed and the phrase "upon his oath" as contained in the jurat is sufficient. State v. Gregory, 178 Mo. 55; State v. White, 251 Mo. 178. (6) The information being signed as prosecuting attorney, the mere failure to make the

official designation under the signature to the jurat does not invalidate the same. State v. Salts, 263 Mo. 304. (7) The record shows that the summoning of the jury panel was regular and proper in all respects. Sec. 5223, R. S. 1909; State v. Smith, 114 Mo. 423; State v. Page, 212 Mo. 239. (8) The fact that the justice failed to reduce to writing the testimony of witnesses at the preliminary hearing and certify the same to the circuit court is insufficient in the absence of prejudice to the defendant's rights to constitute a valid ground for reversal. Sec. 5033, 5043, R. S. 1909; State v. Sherman, 264 Mo. 374. (9) The giving of instruction No. 21 does not constitute reversible error under the circumstances of this case. Sec. 5115, R. S. 1909; State v. Jackson, 99 Mo. 63; State v. Manicke, 139 Mo. 548; State v. Payne, 223 Mo. 118. (10) Hypothetical questions may properly be framed and asked by the State covering its own theory of the facts in evidence. State v. Privitt, 175 Mo. 276; State v. Hyde, 234 Mo. 200. (11) The court did not err in permitting the State to offer in rebuttal testimony relative to the actions and statements of defendant at the time of firing the fatal shot. State v. Baker, 262 Mo. 689; State v. Eisenhour, 132 Mo. 140.

WALKER, J.—The appellant was charged by information in the circuit court of Greene County with murder in the first degree in having shot and killed his wife, Clara Ferguson. Upon a trial, he was convicted of murder in the second degree, and his punishment assessed at ten years' imprisonment in the penitentiary. From this judgment he appeals.

At the time of the homicide, the appellant was 62 years of age, and his wife was 48 or 49. They had been married 29 years, and six children had been born to them. Prior to September, 1915, the family has resided in Camden County. At this time, the wife for the ostensible purpose of affording a fourteen-year-old daughter better educational advantages, removed with their household effects to Springfield. Although ap-

pellant remained in Camden County, there was no breach in his family relations, his business as caretaker of an estate requiring his presence in that county. Up to within a few months before the tragedy, he sent his wife money, corresponded with her, and visited his home as circumstances permitted. Sometime in August, 1916, appellant sent his wife forty dollars, but received no reply to the letter inclosing same. Later, he received a letter from his fourteen-year-old daughter, who was then at Lebanon, stating that her mother had sent her to the latter place to a married sister who resided there, and that the mother had started, or was about to start, to St. Louis to hunt work. Surprised at this information, he went to Springfield to see his wife. Upon meeting her, she treated him with indifference, and he tried to secure an explanation of her conduct and effect a reconciliation. Failing in this, he proceeded to Lebanon, and brought the young daughter home with him. When he returned, he found a man named Smithmier at his house with his wife. This Smithmier, it appears, had a few months before resided next door to where the wife of appellant was living. Upon the death of Smithmier's wife, a short time prior thereto, he had gone to board with the wife of appellant, and their conduct towards each other had excited comment of those residing in the vicinity. After supper, the evening succeeding the arrival of appellant and his little daughter from Lebanon, Smithmier and appellant's wife played cards until bedtime, when the wife informed appellant he would sleep upstairs in Charley's bed—Charley being a young son who ran as a newsboy on a railroad train—until other arrangement could be made. Appellant complied with his wife's wishes in this regard and the next day sought to have her explain her treatment. She refused to make any explanation. When night came, she again directed him to sleep upstairs. She and Smithmier slept in separate rooms on the first floor. About midnight, appellant heard his wife arise and go into Smithmier's room. The next morning, he told his wife what he had

heard, and she vouchsafed no reply.  This was on Wed-nesday.  On the succeeding Thursday and Friday, he again remonstrated with his wife as to her conduct, and urged her to explain why she had become estranged from him, but she treated him with indifference and re-fused to agree to a reconcilation.  After their last con-versation, the appellant who, instead of leaving the house, had secreted himself in a closet, heard his wife say to Smithmier:— "Where did he go?  He is not here, and you had better watch him.  He is crazy enough to do you some injury."  Smithmier replied: "Let him come if he wants to.  I will be ready for him." Appellant then went down town, and returning later, saw through the window his wife arranging Smithmier's tie. Appellant entered and ordered Smithmier to leave the house.  The latter refused to do so.  This was just be-fore dinner on Saturday.  Immediately after ordering Smithmier to leave the house, appellant went up town, bought a pistol, and returned to find his wife and Smith-mier at dinner.  Appellant again insisted upon Smith-mier leaving.  He replied: "I will not do it," and apply-ing vile epithets to appellant, he threw a tea cup at and hit appellant.  The latter drew the pistol and shot him.  Three shots, one of which killed Smithmier, were heard by persons near at hand.  Immediately following the shots, they saw appellant's wife run out of the house, followed by the little girl.  After them came the appellant with a pistol in his hand.  The wife ran to the end of the porch, and was fired at by appellant just as she was about to jump off on the ground.  In jumping off, she fell on her knees.  The little girl had in the meantime gotten between her father and mother, and was trying to prevent the former from again firing the pistol.  After a struggle, appellant succeeded in pushing her aside, and shot his wife, inflicting the wound from which she died in a few minutes.  He was arrested a short time thereafter.  Appellant's own testimony, so far as concerns his actions preceding the homicide, and that pertaining to the killing of Smithmier, is embodied

in the foregoing statement. Its correctness is not questioned. The account of the killing of the wife is that detailed by other witnesses.

I. Appellant contends that the proceeding against him by information was unauthorized: that having been held without bail, after a preliminary examination before a justice of the peace, to await the action of the grand jury, the prosecuting attorney was precluded from filing an information and subjecting appellant to trial and conviction upon same. Under our law, constitutional and statutory, one may be prosecuted for a crime either by indictment or information (Art. 2, sec. 12, Const.; Secs. 5055, 5077, R. S. 1909), the remedies being stated in the constitution, "concurrent." This leaves the manner of proceeding to the discretion of the prosecuting attorney. Despite the fact, therefore, that a grand jury had been ordered, as stated by appellant, to consider this case, this did not preclude the filing of an information by the prosecuting attorney. The discretionary power thus granted has been construed by this court in State v. Anderson, 252 Mo. l. c. 96, in which we held that "it was not an invasion of the rights of the defendant for the prosecuting attorney on March 4th to file an information charging a felony when a grand jury had been summoned to convene on March 6th." This following a ruling in State v. Harvey, 214 Mo. l. c. 408, that a preliminary examination held before a justice of the peace, resulting in defendant being bound over "to answer the charge before the court in which the same was cognizable," did not preclude the State from proceeding by information filed in the circuit court. These rulings, applied to the instant case, do not conflict with that portion of the statute (Sec. 5055) which requires that mode of procedure, whether by indictment or information, which shall first be instituted, to be pursued to the exclusion of the other, so long as the same shall be pending and undetermined. The limitation of this provision, as we

*Information After Preliminary Hearing.*

held in State v. Gieseke, 209 Mo. l. c. 339, applies only to proceedings instituted in courts having jurisdiction to hear and determine the guilt or innocence of the accused, and not to information filed before a justice of the peace merely for the purpose of committing the defendant to jail or binding him over to await the action of the grand jury. The preliminary examination being thus limited in its purpose, did not constitute a commencement of "one of the modes of procedure" prescribed by the statute, and the prosecuting attorney was, in the exercise of his discretion, authorized to file in the criminal court in vacation the information upon which the accused was tried.

II.  It is urged that the information filed by the prosecuting attorney conferred no jurisdiction on the trial court, because the testimony taken at the preliminary examination was not reduced to writing, signed by the witnesses, certified by the magistrate taking same, and by him delivered to the clerk of the court having cognizance of the offense, as required by Sections 5033, 5042, Revised Statutes 1909. The contention as to the absence of jurisdiction is not tenable. The Criminal Court of Greene County is clothed with exclusive original jurisdiction of all criminal cases in said county (Sec. 4200, R. S. 1909). Thus panoplied, the consideration by it of an information filed therein by the prosecuting attorney is within the limits of its general jurisdiction and not such a special or exceptional exercise of same as to require that all of the preliminary steps leading up to such filing be shown on the face of the information. We have held affirmatively in a number of cases that a preliminary examination may be waived, not only before the examining tribunal, but at the time the defendant is required to plead to the information in the trial court, and that if he pleads the general issue of not guilty, as was done here, he will be held to have waived such examination. This presumption as to a waiver is based on the fact that the

*Jurisdiction.*

*Waiver.*

right to a preliminary examination is a matter which goes to the regularity of the previous proceedings, and not to the merits of the trial, as we held in State v. Jeffries, 210 Mo. l. c. 319; Ex parte McLaughlin, 210 Mo. 657; State v. McKee, 212 Mo. l. c. 147; Ex parte Buckley, 215 Mo. 98; State v. Pritchett, 219 Mo. l. c. 703; State v. Green, 229 Mo. l. c. 655. The ruling reason of these cases is that the right to a preliminary examination as a condition precedent to the filing of an information is not jurisdictional, and a failure to accord this right can only be taken advantage of by calling the trial court's attention to same by an appropriate motion and offering proof to establish such failure.

III. Objection is made to the information in that (a) there is not appended to the signature of the prosecuting attorney the words "of Greene County," and that (b) the word "wilfully" is omitted from the body of the charge.

*Information.*

(a) There is no complaint that appellant suffered and prejudice by reason of the omission of the name of the county. In the absence of any showing to this effect, there exists no reason to sustain this contention. In State v. Walker, 221 Mo. l. c. 518, it was held that the omission of the name of the county was not error. While no reason was assigned for the ruling, it is evident that it was on account of the non-prejudicial nature of the omission, as we held in State v. Brock, 186 Mo. l. c. 459, in passing on a similar objection, based on a failure of the prosecuting attorney to write his full name in the body of the information and in signing it in like manner at its conclusion. [State v. Campbell, 210 Mo. l. c. 215.] A prosecuting attorney is one of the officers of the court, of which fact it will take judicial notice; this being true, we have held that when an information had nothing more than the name of the prosecuting attorney appended thereto, without stating his official title, that the error was immaterial, and constituted no ground to quash. [State v. Kinney,

*Signature.*

81 Mo. l. c. 102; State v. Kyle, 166 Mo. l. c. 307; State v. Salts, 263 Mo. 304.]

(b) The information, omitting the formal preliminary and closing averments, concerning which there is no question, alleges that the defendant "did then and there

Wilfully.
feloniously, deliberately, premeditatedly and of his malice aforethought make an assault upon one Clara Ferguson with a certain deadly weapon, to-wit, a revolving pistol then and there loaded with gunpowder and leaden balls, which said pistol in his hand had and held, he, the said Farmer Ferguson, did then and there feloniously premeditatedly, deliberately and of his malice aforethought shoot off and discharge at and against her, the said Clara Ferguson, and with the pistol aforesaid and the gunpowder and leaden balls aforesaid did then and there feloniously, deliberately, premeditatedly and of his malice aforethought shoot, strike and wound her, the said Clara Ferguson, giving to her, the said Clara Ferguson, with the pistol aforesaid and with the gunpowder and leaden balls aforesaid, in the front part of the breast of her, the said Clara Ferguson, one mortal wound of the breadth of one-half inch and of the depth of six inches, of which said mortal wound the said Clara Ferguson then and there instantly died, and so the said Sam M. Wear, Prosecuting Attorney as aforesaid, under his oath aforesaid, does say that the said Farmer Ferguson in the manner and form aforesaid, and with the weapon aforesaid, her, the said Clara Ferguson, feloniously, deliberately, premeditatedly and of his malice aforethought did kill and murder."

Other than in the omission of the word "wilfully" the information conforms to approved precedents. While it is an inflexible rule in criminal pleadings that nothing in indictments or informations for felonies can be left to intendment or implication, that the accused may be clearly apprised of the nature and cause of the accusation against him, it remains to be determined whether this rule has been violated in the instant case. The statute (Sec. 4448, R. S. 1909), as applied to the facts, de-

fines murder in the first degree to be any willful, deliberate and premeditated killing. Omitting the averment of deliberation, the same essential elements are necessary to properly charge murder in the second degree, of which appellant was convicted, as authorized by our procedure (Sec. 4450, R. S. 1909). The same canons of construction will, therefore, apply in testing the sufficiency of the information in one case as in the other, barring, as stated, the averment of deliberation not required in a charge of murder in the second degree. Technically considered, therefore, does the word willfully as employed in the statute necessitate its use in such an indictment or information as is here under review? As to the use of statutory words in a criminal charge, this well-established rule is of general application: "If the words used in the statute do not, in view of the nature of the offense and the recognized principles of law, describe the offense so as to convey to the mind a full and clear idea of everything necessary to constitute the crime, the full measure of the offense must be charged by the use of such words as are necessary and proper, under established rules of law, to characterize it." While this rule has more particular reference to offenses created by statute, its application in determining whether a criminal charge conforms to the statute can only be properly invoked where the offense is fully and clearly defined by the statute. [State v. McCoy, 162 Mo. l. c. 389.] That murder in the first degree is defined by statute in so far as it designates the particular homicides which constitute this grade of offense, it must be admitted, but in such classification, it does not attempt to set forth all of the material allegations required in such a charge. To illustrate, there is an absence from the statute (Sec. 4448) of the words "feloniously," "with malice aforethought," and "murder," uniformly held necessary in charging this offense. We find the use of these words necessary because they are embedded in the old English statute (23 Hen. VIII, c. 1, s. 3), enacted in 1531, defining murder, and which

has become with its subsequent modification, hereinafter noted, the common law of this and other states in regard to this crime.   An indictment for murder, therefore, under our statutes, means just what it did at common law.   [Ex parte Slater, 72 Mo. l. c. 106; State v. Meyers, 99 Mo. l. c. 116; State v. Sanders, 158 Mo. l. c. 612; State v. Cook, 170 Mo. l. c. 214.]   Not only is this conclusion evident from these well reasoned rulings, but we have expressly held that forms of indictments for murder in this State are to be measured by the rules of the common law in that behalf prescribed.   [State v. Cline, 264 Mo. l. c. 418, 175 S. W. 184.]   But an examination of the Statute of Henry discloses that it contains the word "wilfully," as well as the other words held material in a charge of murder.   From which, counsel for appellant, buttressed by the presence of the word in our statute, reasons that it is equally essential to the validity of the charge at bar.   However, we find that in 1547 an English statute was enacted (1 Ed. VI., c. 12, s. 10), which was a re-enactment of the Statute of Henry, from which the word "wilfully" was omitted.   The effect of the Statute of Edward, according to the reasoning of the recondite, was to "take away the right of clergy from defendants attainted or convicted of malice prepensed," omitting the word "wilful."   [State v. Harris, 27 La. 572; 1 Hale's P. C. 466; 3 Bish. New Cr. Pro. Secs. 545, 6, p. 1553.]   A more practical reason urged by American jurists in construing this statute, is that the employment of the word "wilfully" in conjunction with the words "feloniously," and "with malice aforethought," is expletory in that an act committed feloniously and with malice aforethought must necessarily be wilful and unlawful.   [State v. Arnold, 107 N. C. 861; Burnett v. Commonwealth, 172 Ky. 397; Carroll v. State, 71 Ark. 404; Ward v. State, 11 So. (Ala.) 217.]   The words "with malice aforethought" being of like import, but even more intense in their meaning than the word "wilfully," the former may reasonably be said to supply the place of the latter.   This being true, in the omission

of the word "wilfully," the rule is not violated which forbids in criminal pleadings the leaving of any material allegation to intendment or implication, nor is the constitutional requirement infringed, which provides that the accused shall be appraised of the nature and cause of the accusation against him. [Art. 2, sec. 22, Const. of Mo.] We, therefore, overrule this contention, and hold the information sufficient.

IV. It is urged as error that the names of all of the witnesses examined by the State were not indorsed on the information, and that certain eye-witnesses were not produced or examined. It is necessary to render effective an objection to a failure to comply with the statutes (Secs. 5057, 5097, R. S. 1909), requiring the indorsement of the names of the State's witnesses upon an indictment or information, that a motion to quash be made or that an application be filed for a continuance on account of such omission. [State v. Leach, 193 S. W. 916; State v. Ferguson 183 S. W. 336; State v. Jeffries, 210 Mo. 324; State v. Barrington, 198 Mo. l. c. 68.] Neither course was pursued here, and appellant's contention first appears in the motion for a new trial. This is not timely. It is not compulsory upon the State to examine all the witnesses subpoenaed. To sustain a conviction on account of the sufficiency of the evidence it is only necessary that those examined give substantial testimony in support of the required material facts. Others called would serve only to corroborate those examined. This is not necessary. [State v. Ivy, 192 S. W. 737; State v. Dixon, 190 S. W. l. c. 294; State v. Swain, 239 Mo. 729, 144 S. W. 427; State v. McAfee, 148 Mo. 370; State v. Billings, 140 Mo. 193; State v. David, 131 Mo. 380.] The assignment, therefore, lacks merit.

V. No objecions were made or excepions saved, at the time, to the manner in which the trial jury was summoned and impaneled. Such objections first find expres-

sion in the motion for a new trial. Thus
**Impaneling Jury.** sought to be preserved, they are not entitled
to our consideration. [State v. Page, 212 Mo.
l. c. 238; State v. Grant, 152 Mo. l. c. 71; State v. Sansone, 116 Mo. l. c. 11; State v. Smith, 114 Mo. l. c. 423.]

VI. Error is assigned in the rulings of the trial court upon the admission and exclusion of testimony. It is contended that "a wise judicial discretion" was not exercised in admitting in rebuttal the
**Testimony: Order of Admission.** testimony of certain witnesses named. In the absence of any showing, or even a claim, of prejudice resulting therefrom, we have held that the order of proof is within the discretion of the trial court. [State v. Burgess, 193 S. W. 821; State v. Baker, 262 Mo. l. c. 699; State v. Dilts, 191 Mo. l. c. 673; State v. Murphy, 118 Mo. l. c. 15; State v. Buchler, 103 Mo. 203.]

It is contended that error was committed in permitting certain witnesses to testify as to the condition of appellant immediately following the firing of the fatal shot. These objections are based on the assumption that the testimony thus adduced constitutes
**Incapable of Description.** mere conclusions and are opinions rather than statements of fact. We have recently had occasion in State v. Stewart, 274 Mo. l. c. 658, 204 S. W. l. c. 13, to review the cases in which this court has held such testimony admissible on the ground of necessity. We will not burden this opinion with a repetition of the reasons assigned for this ruling, or a citation of the cases, other than to say that in the instant case, as in that of State v. Stewart, the testimony had reference to the manifestations and condition of the appellant immediately after the commission of the crime, and being open to the senses, but otherwise incapable of exact description, could not be gotten before the jury except by asking the witnesses to state the appellant's appearance. No material reason appearing, therefore, for a variance from the rule heretofore announced in this regard, we overrule this contention.

It is further contended that undue latitude was permitted in the cross-examination of the appellant. The record does not sustain this contention. The inquiry made by the prosecuting attorney, of the appellant, on cross-examination was excluded by the court upon the objection of counsel for the appellant, and was not answered. The question itself could have had no prejudicial effect, because it was simply an inquiry as to whether the appellant had not made a contradictory statement in regard to a certain matter to that testified to by him.

The objection to the hypothetical question propounded by the State has not been preserved in a manner to entitle it to a review. If, however, the absence of our authority to review this question, under well-established rules of procedure, be waived, there is no

**Hypothetical Question.** substantial ground of objection to the inquiry as made. The question was framed in conformity with the State's theory of the evidence. It was, therefore, not error under the rule which authorizes the State in putting a hypothetical question to an expert witness, to frame the same in accordance with the State's theory of the evidence; and it is not essential that the facts should be stated as they actually exist· nor is the question improper because it includes only a part of the facts in evidence. [State v. Bell, 212 Mo. l. c. 124; State v. Privitt, 175 Mo. l. c. 225.]

The testimony of third parties sought to be introduced by appellant as to the relations existing between him and his wife, prior to the homicide, and her relations to the creature Smithmier, was, measuring its im-

**Relations to Wife.** port by the questions propounded in regard thereto, not of such relevancy as to authorize its admission; if this testimony had been admitted, it could not have disclosed such facts as to have constituted a defense to the crime charged. There was no error, therefore, in its exclusion.

VII.  The court of its own motion gave sixteen instructions and five additional ones requested by the defendant.  These instructions covered murder in the first and second degrees, manslaughter in the fourth degree, the presumptions of innocence, reasonable doubt and that arising from the use of deadly weapon, what constitutes heat of passion, how far proof of illicit sexual relations between the wife and her paramour afforded an excuse for the crime charged, insanity as a defense, good character, and that the jury are the judges of the weight of the evidence and the credibility of witnesses. These instructions fully covered the evidence submitted on the trial and substantially followed forms approved by this court.  We do not deem it necessary, in view of their correctness, to review them in detail.

One exeception we note to this general approval: Although instruction numbered 21, given at the request of the appellant, is, in all of its material features, the same as that condemned by a majority of this court in State v. Finkelstein, 269 Mo. 612, in regard to the weight to be given appellant's testimony, it does not constitute error of which the appellant will be heard to complain.  First, because being one of appellant's instructions, it is not preserved as error for our consideration; second, having been given at the instance of the appellant, it comes within the saving clause of the statute (Sec. 5115, R. S. 1909), which provides that "no trial, judgment or other proceedings shall be stayed, arrested or in any manner affected for any error committed at the instance or in favor of the defendant."  In construing this statute, as applied to an erroneous instruction given at the instance of the defendant, we have expressly declared that complaint in regard thereto will not be heard, although such instruction is a literal copy of one for the State formerly condemned by this court.  [State v. Jackson, 99 Mo. 60; State v. Manicke, 139 Mo. 548; State v. Payne, 223 Mo. 117.]

The evidence was ample to sustain the verdict; the appellant was awarded a fair trial, and the judgment should be affirmed. It is so ordered.

PER CURIAM:—The foregoing divisional opinion is adopted by Court in Banc. *Bond, C. J., Woodson* and *Williams, JJ.,* concur; *Faris, Blair and Graves, JJ.,* dissent.