STATE of Missouri, Respondent,

v.

Ray W. SMITH, Appellant.

No. 52119.

Supreme Court of Missouri,
Division No. 1.

Feb. 9, 1970.

Motion for Rehearing or to Transfer
to Court En Banc Denied
March 9, 1970.

John C. Danforth, Atty. Gen., Thomas
L. Patten, Asst. Atty. Gen., Jefferson City,
for respondent.

Thomas P. Rose, Jefferson City, for appellant.

REX A. HENSON, Special Judge.

A jury found appellant guilty of second
degree murder and fixed his punishment at
99 years. An appeal was taken to this court
with appellant acting as his own lawyer.
The conviction was affirmed. State v.
Smith, Mo., 411 S.W.2d 89. The judgment
of this court affirming the conviction was
then set aside, December 11, 1967, on the
ground that appellant did not have counsel
on the first appeal. We therefore consider
this case a second time, and this time appellant is represented by court-appointed
counsel.

Upon this appeal appellant raises two
points: (1) that the trial court erred in
imposing judgment and sentence without
clearly determining that appellant knowingly and intentionally waived his right to file
a motion for new trial, and (2) that the
information is fatally defective in charging
murder in the first degree because it failed
to allege that appellant did willfully kill
and murder the victim.

The first point has no support in
the transcript. The day following the trial
appellant appeared before the trial court
with his attorney and testified as follows:

"Q (by Mr. Lay) Your name is Ray
Smith? A Ray W. Smith.

"Q And you're the defendant in the
case of State of Missouri vs. Ray Smith,

which was tried yesterday here on a murder charge? A Right.

"Q And, Ray, do you understand that by the verdict of the jury you were found guilty of second degree murder and the jury assessed your punishment at ninety-nine years in the penitentiary? A I do.

"Q You understand that? A I understand.

"Q Now, since that time have you discussed with me as your attorney the rights that you have and the steps to be taken on appeal from this? Have you been advised of that? A Yes, I have.

"Q Have you been advised by me that the first step you would take would be to file a Motion For New Trial? A Yes, sir. Q And if that is overruled by the Court then to file your affidavit of appeal to the Supreme Court? A Right. Q And that—have I advised your rights fully and to your understanding that you have on filing this Motion For New Trial, and if overruled, on affidavit for appeal; do you understand that? A Yeah, I think so.

"Q Well, from what I've informed you, have you now fully made up your mind as to what you want to do? A Well, I just—I'm ready to go ahead and get my time and get it started on. Q You do not want to file a Motion For New Trial? A No.

"Q You want to be sentenced today; is that what you want? A Sentenced today. Q And you think now you fully understand it? A I think so."

In an attempt to extricate himself from this testimony, appellant argues that the trial court erred in not explaining to appellant the necessity and desirability of filing a motion for new trial. In support of this argument appellant cites Copenhaver v. State, Okl.Cr., 431 P.2d 669. In this case the Oklahoma Court of Criminal Appeals recommended that a defendant be advised that he stands convicted of the crime in question and that before judgment and sentence is imposed defendant has the right to file a motion for new trial, setting forth the reasons why he should be granted a new trial.

This was, in substance, done in this case, as shown by appellant's testimony. Appellant's first point must, therefore, be denied.

Appellant's second point challenges the sufficiency of the information, which reads as follows: "R. M. Becker, Prosecuting Attorney in and for the County of Texas and State of Missouri, upon his official oath informs the Court that one Ray W. Smith on or about the 19th day of July, 1965, at the County of Texas and State of Missouri, did then and there wilfully, intentionally, unlawfully, deliberately, feloniously, premeditatedly, on purpose, and of malice aforethought, make an assault upon Earl Fielder with dangerous and deadly weapons, to-wit: a certain 25–20 caliber rifle, then and there loaded with gunpowder and metal bullets which he, the said Ray W. Smith, in his hands then and there had and held, at and against him, the said Earl Fielder, then and there feloniously, on purpose and of his malice aforethought, wilfully, deliberately, and premeditatedly did shoot off and discharge, and with the rifle aforesaid, and gunpowder and metal bullets aforesaid, then and there feloniously, on purpose, and of his malice aforethought, wilfully, deliberately and premeditatedly, did shoot, strike, penetrate, beat and wound him, the said Earl Fielder, in and upon the body of him, the said Earl Fielder, and did make an assault upon the said Earl Fielder with a certain five and one-eighth (5⅛) inch blade hunting knife, which he, the said Ray W. Smith, in his hands then and there had and held, at and against him, the said Earl Fielder, then and there feloniously, on purpose, and of his malice aforethought, wilfully, deliberately and premeditatedly did cut, stab and strike the said Earl Fielder in and upon the body of him, the said Earl Fielder and did thereby, with the said dangerous and deadly weapons, to-wit: the caliber 25–20 rifle and the five and one-eighth (5⅛) inch blade hunting knife give to the said Earl

Fielder mortal wounds, *of which said mortal wounds the said Earl Fielder then and there died and so, the said R. M. Becker, Prosecuting Attorney aforesaid, upon his official oath aforesaid, doth say that he, the said Ray W. Smith, did feloniously, premeditatedly, deliberately, on purpose, and of his malice aforethought, kill and murder the said Earl Fielder in the manner and by the means aforesaid,* at and in the said County of Texas and State of Missouri, on the 19th day of July, 1965; contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Missouri." (Italics ours.)

Specifically, appellant complains that the word "willfully" is omitted from the italicized portion of the information.

The word "willfully" appears four times in the body of the information. It does not appear in the italicized portion of the information, but the words "in the manner and by the means aforesaid" do so appear.

The case of State v. Rector, 126 Mo. 328, 23 S.W. 1074, cited by appellant, is distinguishable because there the information failed to contain all the elements of first degree murder. And subsequent to the Rector case, this court held that the omission of the word "willfully" did not in itself render a first degree murder charge defective. State v. Ferguson, 278 Mo. 119, 212 S.W. 339.

It has also been held that the words "then and there" connecting two averments in an information made the qualifying words of the former apply to the latter, State v. Taylor, Mo., 190 S.W. 330. Accordingly, we hold that the words "in the manner and by the means aforesaid" make the word "willfully" (appearing four times in the preceding part of the information) apply to the italicized portion of the information.

We find the information in this case sufficient.

The judgment is affirmed.

SEILER, P. J., and HOLMAN, J., concur.

STORCKMAN, J., not sitting.