## THE STATE v. MARY FERGUSON, Appellant.

### Division Two, June 8, 1909.

1. **KEEPING GIRL IN BAWDY HOUSE: Evidence.** The evidence in this case, in which defendant is charged with permitting her daughter, aged fifteen years, to enter into and remain in a bawdy house kept by her, is reviewed, and held to make out a very weak case, if any at all; but the judgment is not reversed on that ground, because the insufficiency of the evidence is not assigned as error.

2. ———: **Excessive Punishment: Three Years.** Defendant was in charge of six rooms on the second floor of a building in Springfield; she was a widow and had four children, among them a daughter Leona, sixteen years old, all of whom occupied two rooms; the said house is charged to be a bawdy and assignation house, and defendant is charged with being the keeper thereof, and to have feloniously permitted the said Leona to enter and remain therein; two of the rooms she had rented to two women of bad character, reputed prostitutes, who received and entertained male companions in their rooms at unseasonable hours; the other two rooms she rented to two men, who paid her five dollars a week for them; there was no evidence tending to show that the character of Leona was questionable, or that she associated with either of the two women that rented rooms from the defendant, but on the contrary the testimony is that she was a virtuous girl, and stayed and slept in the same room with her mother, the defendant. *Held*, that a punishment of imprisonment in the penitentiary for three years, under the evidence, is excessive.

3. ———: **Instruction: Assuming Fact.** The instruction told the jury that "if you believe and find from the evidence that the defendant, at any time within three years before the filing of the information in this case, being then and there the keeper or the person in charge of a certain house, to-wit, the apartments on the second floor of the building located at number 409 Boonville street in the city of Springfield, said house and apartments being at such time used as a common bawdy house, or house of assignation, did then and there feloniously permit a certain female," etc. *Held*, not to submit to the jury the question of fact whether the defendant was the keeper or person in charge of the house described, nor whether said house was at the time mentioned being used as a common bawdy house, or house of assignation, but assumes such issuable facts to be true, and is therefore reversible error.

Appeal from Greene Criminal Court.—*Hon. A. W. Lincoln*, Judge.

REVERSED AND REMANDED.

*Elliott W. Major, Attorney-General*, and *James T. Blair*, Assistant Attorney-General, for the State.

Practically every element of the offense was either admitted by defendant while testifying in her own behalf, or was proved by the record of her pleas of guilty to charges lodged against her in the police court in the city of Springfield. The proof on every phase of the case was plenary. Defendant's counsel, however, in the motion in arrest of judgment, questions the application of the statute to the facts since the girl, Leona, was the daughter of defendant. It is intimated in State v. Horn, 83 Mo. App. 50, that the relationship of the daughters in that instance entitled them to remain in the house. But it was also held that the daughters' reputation as bawds was admissible against their mother in a prosecution against her for keeping a bawdy house. Section 2202 makes no exceptions. It no more authorizes an unnatural mother to expose a young girl who happens to be her own daughter to the immoral and destructive influences of the place she conducts than it authorizes her to so expose the veriest stranger. Ezekiel, 16:44. The parent has no inalienably vested right in the society and custody of the child. This is given recognition by the courts in cases involving the custody of children. The same principle has received legislative sanction and been formulated and enacted into positive statute which makes express provision for the removal of minors, males or females, whose environment is vicious, from parents who may be shown to be unfit to have their custody. Sec. 1475, R. S. 1899. A parent may, therefore, forfeit the custody of the minor child, and it is no undue hardship that this sec-

tion of the statute should force the separation of the mother engaged in conducting a bawdy house from her young daughter, or subject her otherwise to the penalties it prescribes. Keeping a disorderly house is a crime and of itself puts the keeper, to an extent, beyond the pale. The Legislature had the constitutional right to enact section 2202. They excepted none from its operation, and the courts, always loath to engraft upon a statute exceptions not expressly provided for by its terms, are warranted by every consideration of law and morals in denying defendant's contention that the Legislature meant so much less than it said.

BURGESS, J.—On the first day of May, 1906, the prosecuting attorney of Greene county filed in the criminal court thereof an information charging that the defendant, ''on the 1st day of April, A. D. 1906, and from that date continuously until the 25th day of April A. D. 1906, at the county of Greene and State of Missouri, being then and there the keeper of, and person in charge of a certain house and building, to-wit, the apartments on the second floor of the building located at number 409 Boonville street, in the city of Springfield, in the county and State aforesaid, said building, house and apartments being at such time used as a common bawdy house and assignation house, did then and there unlawfully, willfully and feloniously permit a certain female 'under the age of eighteen years, to-wit, Leona Ferguson, of the age of fifteen years, to enter into and remain in said bawdy house and assignation house; contrary to the form of the statute,'' etc.

The trial resulted in the defendant's conviction, and her punishment was assessed at imprisonment in the penitentiary for a term of three years. Defendant duly filed motions for new trial and in arrest of judgment, which were overruled, whereupon she appealed.

The evidence showed that the defendant was in charge of six rooms on the second floor of a building located at number 409 Boonville street, in the city of Springfield, Missouri; that she was a widow and had the care of four children, among whom was the girl, Leona, and that all occupied two of said rooms; that defendant rented two of the rooms in her charge to two women of bad character, reputed prostitutes, who received and entertained male companions in their said rooms at unseasonable hours, and rented the remaining two rooms to two men. Defendant's daughter, Leona, was under the age of sixteen years. It was shown by the evidence that in January, 1906, the defendant pleaded guilty in the police court to the charge of "lodging in a bawdy house," said "house" being the rooms or apartments described in the information; that on April 24, 1906, the police arrested the defendant and the other two women who rented rooms from her, and the records of the police court, introduced in evidence, showed that the defendant and one of said women each pleaded guilty to the charge of "receiving men in room."

There was no evidence tending to show that the character of Leona Ferguson was questionable, or that she associated with either of the two women who rented rooms from her mother, the testimony being that she was a virtuous girl, and stayed and slept in the same room with her mother, the defendant.

Testifying in her own behalf, the defendant stated that on April 25, 1906, she pleaded guilty to the charge of running a bawdy house at the place described in the information, but stated that she "thought she had to," the chief of police having told her so to do.

"Q. With what were you charged when you were arrested down there? A. Running a bawdy house, they said. Q. That's what you plead guilty to? A. Yes, sir. I went up next morning. I went up and plead

guilty and paid my fine—I thought I had to—and they turned around and charged me with keeping her up there.

"Q. Who told you to plead guilty? A. The chief of police. Q. Was you with a man that night you were arrested? A. No, sir. Q. Had you resorted to rooms for the purpose of having intercourse with any man? A. No, sir."

The admission of the defendant as to "running a bawdy house" was evidently the result of a misapprehension of the facts, the records of the police court showing that her plea of guilty was to the charge of "receiving men in room."

Defendant admitted that the two women mentioned rented rooms from her, and paid her five dollars a week each for rooms, and that the age of her daughter, Leona, was sixteen years, but stated that the girl always stayed and slept with her, and that she did not permit her to keep company with men.

The defendant is not represented in this court, but in her motion for a new trial eight different grounds therefor are assigned. These are all of a general character, and, excepting perhaps the eighth paragraph, there is nothing in the motion to indicate to this court what particular error or errors the motion is leveled at, nor have we any means of ascertaining. We cannot undertake to pass on such a motion. It is asserted, however, in the eighth ground for new trial that the verdict is so at variance with the testimony as to indicate passion and prejudice on the part of the jury rendering same.

That the punishment imposed is excessive under the evidence disclosed by the record in this case, no fair-minded man will gainsay. The case as presented by the State is a very weak one, to say the least. Beyond the defendant's plea of guilty to the charge of "lodging in a bawdy house," some time prior to the

filing of the information in this case, there was little evidence to show that she was in fact a keeper of a bawdy house.

The first instruction given in behalf of the State reads as follows:

"Gentlemen of the jury, you are instructed that if you believe and find from the evidence that the defendant, Mary Ferguson, on the 1st day of April, 1906, or at any time within three years next before the filing of the information in this case, to-wit, the 21st day of May, 1906, at the county of Greene and State of Missouri, being then and there the keeper, or person in charge of a certain house, to-wit, the apartments on the second floor of the building located at number 409 Boonville street in the city of Springfield, Missouri, said house and apartments being at such time used as a common bawdy house, or house of assignation, did then and there feloniously permit a certain female under the age of eighteen years, to-wit, Leona Ferguson, to enter into, or remain in said house, then you will find the defendant guilty as charged in the information and assess her punishment at imprisonment in the State penitentiary for a term of not less than two nor more than ten years."

It is apparent from a careful reading of this instruction that it does not submit to the jury, as it should have done, the question as to whether the defendant was the keeper or person in charge of the house or apartments described in the instruction, nor whether said house was at the time mentioned being used as a common bawdy house, or house of assignation; but the instruction assumes such to be the facts, and it was, therefore, erroneous. The court cannot, by its instructions, assume the existence of material facts in issue, and as to which the evidence is conflicting, as by doing so it invades the province of the jury.

221 Sup—34

[Railroad v. St. Louis Union Stock Yards Co., 120 Mo. 541, and cases cited.]

For these considerations the judgment is reversed and the cause remanded. All concur.