## THE STATE v. GENERAL SWAIN, Appellant.

### Division Two, February 6, 1912.

1. **RAPE: Sufficient Evidence.** If the story of the prosecuting witness, aged twelve years, shows defendant's guilt of rape, and her testimony is corroborated by several other witnesses, the evidence is sufficient to sustain a verdict of guilty.

2. ————: **Weight of Testimony: Improbable Story: Province of Jury.** The court will not substitute its judgment on questions of fact for that of the jury. If it was argued to the jury that the story of the little girl, whom defendant is charged with having raped, was inherently impossible and the jury found defendant guilty, the court will not undertake to hold that her

story was inherently impossible, or to pass upon other matters going to the weight of the testimony.    It is peculiarly the province of the jury to decide upon the weight of testimony.

3.   ———: **Penetration: Sufficiency of Evidence.** Testimony of the twelve year old girl that defendant's attempt at copulation hurt her and that a towel was used, and testimony of her mother of subsequent internal pain and soreness, though not strong evidence of penetration, are sufficient to take the rape case to the jury.

4.   ———: **Instruction: Limitation.** The instructions should fix no limit as to the time within which the jury should find the offense of rape was committed.    Section 4944, Revised Statutes 1909, in effect provides that there shall be no limitation on the crime of rape.

5.   **WITNESSES: Failure of State to Call.** The State is not required to call witnesses merely for the purpose of corroboration. The fact that the State failed to call certain physicians who had examined prosecutrix after her alleged rape by defendant, and who had been summoned and were in court, is no ground for a reversal.    Nor is the objection for review on appeal where no request was made of the court to order the State to produce these witnesses, and no exception was saved, and the question was not saved in the motion for a new trial.

6.   **ARGUMENT TO JURY: Improper Remarks.** The prosecuting attorney said in his argument to the jury in a prosecution of defendant for raping a negro girl twelve years old:   "And I say to you, gentlemen of the jury, if you make an example of this defendant, if you believe he is guilty, it will tend to the protection of little colored girls and little white girls under the age of fourteen."   *Held,* that the appeal, coupled with a proviso that defendant was guilty, was evidently directed to the amount of punishment to be inflicted, and was not improper.

Appeal from St. Louis City Circuit Court.—*Hon George C. Hitchcock,* Judge.

AFFIRMED.

*Henry M. Walsh* for appellant.

(1)   The remarks of the State's attorney were calculated to create such a prejudice as to jeopardize the defendant's case.   State v. Fairlamb, 121 Mo. 137; Brow v. State, 103 Ind. 133; Heller v. People, 22 Colo. 11; Ranken v. Commonwealth, 6 Ky. L. Rep. 407; Laubach v. State, 44 Tex. 64; Bryson v. State, 20 Tex. App. 566; Newton v. State, 21 Fla. 53; State v.

Upton, 130 Mo. App. 316; State v. Baker, 209 Mo. 444.
(2) It was not correct practice to compel the defend-
ant, instead of the prosecution, to call the witnesses.
People v. Smith, 99 N. Y. Supp. 118; Banker v. Peo-
ple, 37 Mich. 4; Weller v. People, 30 Mich. 22; Thomas
v. People, 39 Mich. 309; People v. Etten, 81 Mich.
570; People v. Deitz, 86 Mich. 419. (3) There was
no corroboration; the best available evidence, that of
the physicians who examined the prosecutrix, not
being presented. State v. Patrick, 107 M. 168; Mat-
thews v. State, 19 Neb. 330. (4) The court erred in
instructing that if the jury believed that at any time
before the filing of the information herein, the defend-
ant did unlawfully and feloniously and carnally know
Clara Jefferson. This was error.

*Elliott W. Major,* Attorney-General, and *Charles
G. Revelle,* Assistant Attorney-General, for the State.

(1) Appellant states that the court erred in in-
structing that, if the jury believe that, at any time be-
fore the filing of the information herein, the defendant
did unlawfully, feloniously and carnally know Clara
Jefferson, etc. This complaint is not sound because
there is no limitation on the crime of rape, it being a
capital offense punishable by death. Sec. 4944, R. S.
1909. (2) A further contention of appellant is that the
State failed to produce witnesses at the trial whom
it had subpoenaed. This ground is really aimed at a
suppression of evidence by management. The rule
has never extended, and the cases cited by appellant
do not recite that all of the witnesses to a transaction
must necessarily be called by the prosecution. The
justice of requiring them all to be called must de-
pend upon circumstances. The decisions in the cases
cited in appellant's brief, are to the effect that appel-
lant must save the error by exception, and that the
complaint is to the action of the court, and not to the
action of the State's attorney, who tried the case. Ap-

pellant saved no exception to the action of the court, in this case, in refusing to compel the State to use all of its witnesses subpoenaed, or indorsed upon the back of the information. In fact, no request was made during the trial, nor in appellant's motion for new trial. Therefore, no exception being saved to the action of the court in that behalf, the same is not here for review. (3) Appellant complains in his brief that the prosecutrix was not corroborated. The evidence for the State was corroborated by facts and circumstances, and also by the two witnesses, Alma Hubbard and Louis Gordon, who were in an adjoining room and heard the conversation and noise. Furthermore, the Patrick case cited by appellant, decided by this court in 1891, was overruled in 1897. State v. Marks, 140 Mo. 656. The doctrine announced in the Marks case hase been followed in the cases of State v. Boyd, 178 Mo. 19; State v. Day, 188 Mo. 364; Champagne v. Hamey, 189 Mo. 727; State v. Welch, 191 Mo. 186. This court has uniformly held in a long line of decisions that, where there is substantial evidence to support the verdict, the appellate court should not undertake to retry the case upon the evidence as disclosed by the record. State v. George, 214 Mo. 271. The statements of the prosecutrix are strongly corroborated by the testimony of four witnesses. In fact it is seldom that a record reaches this court, involving a charge of this nature, where there is as much evidence showing the guilt of the accused. The complaint made by appellant is not that there was not sufficient evidence offered to establish against him a case, but is that the State could have called other witnesses and offered additional evidence tending to more strongly show his guilt. Since it is only required that substantial evidence of guilt be offered, and it is only in such cases where there is no such evidence that this court interferes with a verdict, we respectfully ask that the judgment be affirmed.

FERRISS, P. J.—Defendant was convicted in the circuit court of the city of St. Louis of the crime of rape upon one Clara Jefferson, twelve years old, and sentenced to eleven years in the penitentiary.

The testimony for the State tended to show that the prosecutrix lived with her parents at their home, located within three or four houses of defendant's saloon. On the afternoon of December 1, 1909, she visited at the home of a girl friend until about six o'clock. On her way home, she saw defendant standing in the side door of his saloon, which opened into a hallway and stairs leading to the second story where defendant had rooms and made his residence. He addressed her as she was passing by, asking if she wanted a fairy story book, to which she replied in the affirmative. He then told her to follow him upstairs to his room, which she did. Both having entered the room, he locked the door, told her he had no picture book but wanted to have sexual intercourse with her. She demanded that he let her out of the room, which he refused to do, and took off his coat and vest and directed her to remove certain parts of her clothing. This she refused to do, again asked him to let her out of the room, and made an effort to open the door. After telling her that it was useless to push or attempt to open the door, he removed certain parts of her clothing, placed her on the bed and had sexual intercourse with her. He then unlocked the door and went into the hall, leaving the girl in the room. A man and woman in an adjoining room overheard the conversation and were aware of what took place. The man informed the mother of the girl, and she, in company with a friend, went up to said hallway, and found defendant there. She asked him if her daughter was in his room, and he replied she was not. In compliance with her request to show her through the house he took her into the kitchen and another room, but refused to let her into the front room, in which the

girl then was, giving as his reason for such refusal that the room was rented to another person, and he had no key. The door to the room was locked, and she stated that she would get an officer and forcibly enter the room. She then left the building, whereupon the defendant unlocked the door of the room, and told the prosecutrix to run away and never return home, as if she did, her parents would kill her. The girl left the room, went down stairs, and ran in a direction away from her home. Her mother and another woman saw her leave the place and run along the street. She went to the home of a cousin, where she remained all night. After returning to her home and informing her mother of all that occurred, an examination of her person was made which showed some soreness.

Defendant denied having had intercourse with the prosecutrix, and endeavored to show that this prosecution was inspired by animus growing out of a prosecution instituted at his instance against a certain woman alleged to have been illicitly cohabiting with a brother of the prosecutrix. One of the defendant's witnesses, by name Ethel Washington, testified that she had possession of the front room in Swain's apartments on December 1st, from seven o'clock in the morning until nine o'clock in the evening, and that she neither heard nor saw anything corroborating the State's testimony. Several witnesses were examined upon various details for and against the defendant.

I.   The evidence is sufficient to sustain the verdict. The story of the prosecuting witness is corroborated by several witnesses.

It is urged that the story of the girl is inherently improbable. This and other objections going to the weight of the testimony were argued to the jury, and they were matters peculiarly within the province of the jury to decide. We may not substitute our judgment on questions of fact for that of the jury.

II.   The proof of penetration is not strong, but it is sufficient to take the case to the jury.   The evidence as to its hurting her, the use of the towel, the subsequent internal pain and the soreness testified to by the mother, point clearly to the conclusion that there was some penetration.

III.   The only objection to the correctness of the instructions given is that no time limit was fixed within which the jury should find the offense.   The instructions were proper under section 4944, Revised Statutes 1909, which provides in effect that there should be no limitation on the crime of rape.

IV.   The instructions fully and fairly cover the case.   The defendant attempted to get before the jury a theory that this prosecution was inspired by a woman whom the defendant had charged with stealing money, and suggested an instruction on this point. Obviously, no such instruction would have been proper.   There was no evidence in the case to justify it.

V.   Objection is made that the State failed to call to the witness stand certain physicians who had examined the prosecutrix after the alleged rape, and who had been summoned as witnesses.   No request was made of the court to order the State to produce these witnesses, and there was, of course, no exception saved.   Nor is the question saved in the motion for new trial, and therefore, defendant is not in position to urge the point here.   But if the question were properly raised, it would be without merit.   The State is not required to call witnesses merely for the purpose of corroboration. The witnesses were in court, and could have been called by defendant.   His counsel argued to the jury that the failure of the State to call these doctors indicated that their evidence would have been unfavorable to the State, and yet he did not call them.   Defendant cites People v. Smith, 99 N. Y. Supp. 118; Banker v. People, 37

Mich. 4; Wellar v. People, 30 Mich. 16, but those cases do not sustain his contention.

VI. It is further complained that the court permitted improper remarks by the prosecutor in his closing address to the jury. Here is what occurred:

"And I say to you, gentlemen' of the jury, if you make an example of this defendant, if you believe he is guilty, it will tend to protection of little colored girls and little white girls under the age of fourteen.

"Mr. Walsh: I object to that. You may enforce a law, but nothing more.

"The Court: Of course, he has got a right—

"Mr. Walsh: To say that it will save or protect little colored girls and little white girls?

"The Court: Yes.

"Mr. Walsh: He has said it wrongly, and with a wrongful intent, to try and inject something into this case that is not in it. White women are not a part of this case.

"The Court: Objection overruled."

It will be observed that the appeal of the prosecutor complained of was coupled with the proviso that the jury should find him guilty. It was evidently directed to the question of the degree of punishment to be inflicted. We may assume that all the parties involved in this case are negroes. Yet we are unable to perceive any serious impropriety in the remark objected to, and there is no ground for believing that it either did or could influence the jury improperly.

VII. Complaint is made in the motion for a new trial that illegal evidence was admitted for the State. Nothing is said on this point in the brief for defendant, and we have been unable to find any substantial error in the record in this regard.

The case was fairly tried, and the judgment must be affirmed. It is so ordered. *Kennish* and *Brown, JJ.*, concur.