State v. Long.

## THE STATE v. CREDE LONG, Appellant.

### Division Two, June 3, 1919.

1. **APPEAL: Criminal Case: No Counsel: Duty of Court.** Notwithstanding an appellant convicted of a felony is not represented by counsel in the Supreme Court, the court will examine the record for error with the identical care enjoined in cases wherein counsel have appeared for defendant.

2. **RIGHTS OF ACCUSED: Duty of Court: Information: Technical Errors.** The court is required to so safeguard the rights of one accused of a crime that (1) he may be so fully advised of the charge against him that he may properly and intelligently prepare his defense and so be able to defend himself and (2) that he may run no risk of a second prosecution and conviction for the identical offense of which he is charged.

3. **INFORMATION: Larceny: Ownership: Corporation: State University.** Where the information charges the defendant with the larceny of certain hogs, the property of "The University of Missouri, a corporation," a conviction will stand, although there is no proof that "The University of Missouri" is a corporation, and the name of the public corporation created by statute is "The Board of Curators of the University of Missouri."

4. **CORPORATION: Public: Judicial Notice.** The courts take judicial notice of all public corporations created by statute, and consequently that the corporation by which the University of Missouri is controlled is styled "The Curators of the University of Missouri."

5. **———: ———: ———: No Proof.** A failure to prove that the corporation named in the information charging that defendant stole hogs belonging to "The University of Missouri, a corporation" is a corporation, does not mislead defendant or subject him to a subsequent prosecution or invalidate his conviction, for the courts take judicial notice that there is a public corporation created by statute and styled "The Curators of the University of Missouri."

6. **———: Allegata and Probata: Variance.** Where the charge is that defendant stole property of "The University of Missouri, a cor-

State v. Long.

poration," and the proof is (aided by judicial notice) that the stolen property was owned by a public corporation styled "The Curators of the University of Missouri," there is no such variance between the allegation and proof as will work a reversal of a judgment of conviction, since the institution is popularly known and is legislatively recognized as "The University of Missouri."

7. **VARIANCE: In Name.** A variance in names between the charge and proof is not material, unless it appears to the court that the jury was misled by it or some substantial injury is done to the accused.

8. ———: **Should be Raised at Trial.** A question of variance between the charge and proof should be raised upon the trial and unless the trial court is afforded an opportunity to pass upon it, the appellate court will not consider it.

9. ———: **Information: Ownership: Name of Corporation.** It is sufficient in charging larceny from a corporation to allege the name by which the corporation is generally known, if it otherwise sufficiently appears beyond question what corporation is intended, although the name alleged is not its correct corporate name.

10. ———: ———: ———: ———: **Proof.** And if it sufficiently appears just what corporation is intended by the charge, and no possibility exists of harmfully affecting the rights of an accused to a fair trial and to be so far informed of the charge against him as to enable him intelligently to prepare his defense and defend himself, proof of ownership of the stolen property in a corporation commonly known by the name used in the information will sustain a conviction.

Appeal from Boone Circuit Court.—*Hon. David H. Harris*, Judge.

Affirmed.

*J. C. Gillespy* and *E. C. Anderson* for appellant.

*Frank W. McAllister*, Attorney-General, and *Thomas J. Cole*, Special Assistant Attorney-General, for respondent.

(1) The information follows the approved forms and, in its description of the hogs alleged to have been stolen, was more specific than was necessary. State v.

Swearengin, 234 Mo. 549; State v. Dewitt, 152 Mo. 84; Kelley's Crim. Law, sec. 642. (2) But the information alleges, and the proof was, that the alleged stolen hogs were the property of the "University of Missouri." There was no proof that the University of Missouri is a corporation. The University, however, was incorporated by statute and the corporate name of the University is, "The Curators of the University of Missouri." Sec. 11097, R. S. 1909. (3) Courts take judicial notice of the statutes. State ex rel. v. Roach, 258 Mo. 541; State v. Case, 53 Mo. 246; Gibson v. Railroad, 225 Mo. 483; Davis v. McColl, 179 Mo. App. 204; State v. Pope, 110 Mo. App. 520. (4) The corporation "The Curators of the University of Missouri," is commonly known by the name "The University of Missouri." Laws 1915, p. 70, secs. 8 and 9; Laws 1913, p. 63, secs. 8 and 8a; Laws 1911, p. 50, sec. 9; Laws 1909, p. 54, sec. 8. (5) Proof of ownership in a corporation, in the name by which it is commonly called, is sufficient to sustain a conviction of larceny. Jackson v. State, 96 Ga. 165; Griffith v. State, 163 Ind. 555; 25 Cyc. 125. (6) It is sufficient to allege the name by which a corporation is generally known, though that is not its correct name, where it sufficiently appears what corporation is intended. State v. Rollo, 3 Penne. (Del.) 421; Rogers v. State, 90 Ga. 463; Jackson v. State, 76 Ga. 551; People v. Ferguson, 119 Mich. 373. (7) Instruction one in defining the offense of grand larceny as herein charged, required the jury to find that the hogs were the property of the "University of Missouri, a corporation," but did not require them to find that said university was a Missouri corporation, before they could find the defendant guilty. If an information state the name of the owner of the property it must be proved as laid. Cohen v. People, 5 Parker (N. Y.), Crim. Cases, 330; State v. Weeks, 30 Me. 182; Commonwealth v. Wade, 34 Mass. (17 Pick.) 395; Collier v. State, 4 Tex. App. 12; Rose v. State, 1 Texas App. 400. In other respects this instruction

was complete and proper. Sec. 4535, R. S. 1909; State v. Moore, 101 Mo. 323, 331; Wein v. State, 14 Mo. 125, 128; Pattison on Instructions in Crim. Causes, p. 436. (8) Leaving out of consideration the fact that it was not proven that the "University of Missouri" was a corporation, the evidence was sufficient to sustain a conviction. State v. Underwood, 263 Mo. 685; State v. Concelia, 250 Mo. 425.

FARIS, J.—Defendant was convicted in the Circuit Court of Boone County for the larceny of certain hogs, the property, as the information charged, of "The University of Missouri, a corporation." Pursuant to verdict, he was sentenced to imprisonment in the State Penitentiary for a term of two years, and in the conventional way has appealed.

The hogs alleged to have been stolen were eight in number, were of the value of about $170, and were a part of a number of hogs kept by The University of Missouri at what is called in the record the "serum plant" for use in the process of producing hog cholera serum. Defendant, in June, 1918, sold and delivered these hogs for about $152 to one T. H. Armstrong, in whose possession they were subsequently found and positively identified as the property of "The University of Missouri." On being arrested defendant admitted that he had gotten the hogs from the serum plant, that he had kept them for a short time at the fair grounds, and had sold and delivered them to said Armstrong. No evidence of any sort was offered by defendant upon the trial; nor did he testify in his own behalf. But at the close of the evidence offered by the State, he contented himself with demurring thereto for its alleged insufficiency.

The instructions given by the court upon the trial followed the allegations of the information as to the ownership of the hogs alleged to have been stolen, and required the jury to find, as a condition precedent to conviction, that these hogs were the property of "The

University of Missouri, a corporation." In all other respects the instructions given by the court *nisi*, both for the State and for the defendant, seem to have been in the usual and approved form.

In the course of the opinion it will become necessary to state other facts, but as these will, for clearness' sake, be more apposite if stated in connection with the facts up for judgment, we presently reserve a statement of them.

Defendant is not represented by counsel in this court, but as our duty is under the statute (Sec. 5312, R. S. 1909) we have examined the record for error with the identical care enjoined in cases wherein counsel have appeared for defendant. So doing, the only points debatable and which seem to be deserving of attention are, (a) Was the information sufficient? (b) Was there sufficient technical proof of guilt? and (c) Was there error in instruction one given by the court, *sua sponte*, for the State?

In the last analysis, each of these questions is identical; for each turns at last upon the question whether we may take judicial notice of two facts, (1) that the chief public educational institution of the State of Missouri is commonly known, both as to the institution itself and the controlling body corporate thereof, as "The University of Missouri," and (2) whether it is a corporation. If we may so notice the above two facts, touching which there was in the record no proof whatever, then it follows that the errors are not reversible, for it is plain that no harm accrued to defendant for the errors and omissions in the information, in the evidence and in instruction one. We are of the view that we may thus notice both of these vexing questions.

We are of course required so to safeguard the rights of defendant as that (a) he may be so far fully advised of the charge against him that he may properly and intelligently prepare his defense, and so be able

fully to defend himself, and (b) that he may run no
risk of a second prosecution and conviction for the
identical offense confronting us, and of which he was
convicted *nisi*. So much and no more is defendant en-
titled to under the Constitution. [Sections 22 and 23,
Article 2, Constitution.] If, then, defendant was not
misled úpon his trial, if he was able—the errors and
omissions above referred to notwithstanding—to prop-
erly and intelligently prepare his defense, if the trial
jury was not misled, and if there is in such errors and
omissions nothing to mislead the court should defend-
ant upon another prosecution plead *autrefois convict,*
we ought to affirm this case, for the points before us
are bottomed upon the very baldest technicality.

The facts upon which defendant's above several
contentions are founded arise upon the record thus:
The information charged defendant with stealing cer-
tain hogs belonging to "The University of Missouri,
a corporation;" that is to say, the ownership of the
stolen property was laid in "The University of Mis-
souri, a corporation." The proof followed this allega-
tion, *partially at least,* and showed the ownership of the
hogs in question to be in "The University of Missouri."
Instruction one, given by the court, of its own motion,
likewise followed the allegations of the information and
required the jury to find that the hogs alleged to have
been stolen by defendant were the property of "The
University of Missouri, a corporation." It was not
shown by the testimony that the University of Missouri
is a corporation; nor was there proof adduced show-
ing the true name and style of the corporate body which
manages and controls the educational institution known
as "The University of Missouri."

We judicially notice, however, that the corpora-
tion by which the University of Missouri is controlled
is styled "The Curators of the University of Missouri."
We notice this because such corporation is a public
one, created by a public statute (Sec. 11097, R. S. 1909),

of which, and of all such statutes, we are required to take judicial notice.

Initially, the point arises in the case as one of a failure of proof, simply; because the allegation of the information is that the University of Missouri is a corporation, while the proof fails to show that it is such corporation. We escape this failure of the proof by taking judicial notice, absent proof, of the public statute which created the corporation known and styled "The Curators of the University of Missouri." Having thus, by eking out lack of affirmative evidence by judicial notice, gotten over the initial point of a failure of proof, we are confronted by the contention, in effect, of defendant's learned counsel, that since there is no such corporation known to the law as "The University of Missouri," a conviction for the larceny of hogs from "The University of Missouri" cannot be sustained. In other words, the taking of judicial notice of the fact that the Board of Curators which manages the University of Missouri is a public corporation styled by statute "The Curators of the University of Missouri" brings about a serious variance between *allegata* and *probanda,* in that the charge was of a theft from "The University of Missouri, a corporation," while the proof is—when thus aided by judicial notice—that the stolen property was owned by "The Curators of the University of Missouri, a corporation."

Upon the law applicable to the above facts and contentions, it is permitted to us to take either one or both of two views; since having taken judicial notice of the fact of existence as well as of the true, statutory name and style of the corporation, the sole question left becomes one merely of variance. We may hold that since we may judicially notice that the chief educational institution of this State is popularly and universally called "The University of Missouri," and that the management and control of that institution is popularly and universally (except in the most formal documents)

278 Mo.—25

known by the name of and styled "The University of Missouri," and since there is legislative recognition of this fact, for appropriations by the Legislature of money for the maintenance of the institution are made to, and in the name of the institution, and not to, or in the name of the Board of Curators under its formal, corporate style (cf. Laws 1909, p. 54; Laws 1911, p. 50; Laws 1913, p. 63), the variance was in nowise hurtful to defendant. For, says Wharton upon the matter of variances in his excellent work on criminal evidence: "The modern rule is that a variance in names is not now regarded as material, unless it appears to the court that the jury was misled by it, or some substantial injury is done to the accused, such as that by reason thereof he was unable intelligently to make his defense, or he was exposed to the danger of a second trial on the same charge." [1 Wharton, Crim. Ev. p. 288.]

Moreover, we are permitted to take the view that since the ultimate force and effect of the facts on which defendant bottoms his contentions are to make of such contentions a simple variance between the charge and the proof, he ought, as the statute provides and requires (Sec. 5114, R. S. 1909), to have raised the question of variance upon the trial, and thus afforded to the learned trial court an opportunity to pass upon it.

But to none of the evidence whereon the alleged error is bottomed was objection made upon the trial. In fact, so far from objecting was defendant, that he brought out upon cross-examination the additional facts not theretofore shown by the State, that there is but one University of Missouri, that it is an educational institution located at Columbia, Boone County, and that it is supported by the State of Missouri and the United States Government.

Section 5114, supra, does not mean that the judgment of the trial court upon the question of a variance *vel non* is conclusive, or that such ruling of the trial

court is not subject to review by the appellate courts. It simply means that unless the court *nisi* is upon the trial given an opportunity, in one of the conventional ways, to rule on the alleged question of a variance, we will not consider that question here. [State v. Ballard, 104 Mo. 634.]   In other words, among other requisites it takes the ruling of the court *nisi* upon the question of variance to preserve such question for appellate review. If the trial court shall rule erroneously upon it, and to the hurt of the accused, we are allowed to examine the question here upon appeal.  Not only was there a failure to properly preserve the point of variance, but the right of defendant to a fair trial was in nowise infringed, as a mere statement of the several points of contention discloses upon its face.  The testimony shows defendant's guilt beyond any doubt or question.  The fact that the well-known name of the educational institution was used in the information, in the evidence and in the instructions, instead of the technical, statutory style of the corporate board which controls this institution, in no way hurt defendant or militated against his making an intelligent defense.  Neither was it possible that such mistake could have misled in any way the jury which tried defendant.

We concede the existence of the well-settled and time-honored rule that an indictment or an information for larceny must set out the name of the owner of the property alleged to have been stolen, and that the proof must follow in this behalf the charge in the indictment or information.  If there be a failure in these behalves, it is well-settled that a fatal variance is created and the errors are reversible.  But, it is sufficient to allege the name by which a corporation is generally known, although the name alleged is not the corporation's correct name, if it otherwise sufficiently appears beyond question what corporation is intended. [People v. Ferguson, 119 Mich. 373;  State v. Rollo, 3 Penne. (Del.) 421;   Rogers v. State, 90 Ga. 463; 25 Cyc. 125.]   Also, it has been held (under circumstances

wherein it sufficiently appears just what corporation is intended, and where no possibility exists of harmfully affecting the right of defendant to a fair trial and to be so far informed of the charge against him as to enable him intelligently to prepare his defense and defend himself) that proof of ownership of stolen property in a corporation in the name by which such corporation is commonly called and known is sufficient. [See cases cited last supra.] Therefore, since the guilt of defendant upon the evidence in this record is conclusive, we are not—for the reasons stated above—disposed to reverse this case for such a bald and innocuous technicality.

Finding no error of which the facts warrant defendant in complaining, we affirm the judgment. Let this be ordered. All concur.