**STATE of Missouri, Respondent,**

v.

**Freddie Eugene DOBSON and Maebelle Miller, Appellants.**

No. 45339.

Supreme Court of Missouri,
Division No. 1.

June 10, 1957.

Motion for Rehearing or to Transfer to Court en Banc Denied July 8, 1957.

No attorney for appellants.

John M. Dalton, Atty. Gen., and Richard W. Dahms, Asst. Atty. Gen., for respondent.

COIL, Commissioner.

Defendants were convicted of larceny of a motor vehicle. Dobson was sentenced to 15 years, and Maebelle Miller to 5 years, in the penitentiary. Defendants were represented by counsel in the trial court, but here defendant Dobson has briefed the case pro se and for his co-defendant, Maebelle Miller. Defendants' separate motions for new trial each preserved only one point for review, viz., whether the trial court erred in failing to sustain their motions for judgments of acquittal at the close of all the evidence. Defendants adduced no evidence in their behalf. The state's evidence, viewed most favorably from its standpoint, justified the jury in finding the facts to be as they appear in this statement.

Walter Hogan, a resident of Indianapolis, Indiana, owned a 2-door 1954 blue Chevrolet automobile which was stolen while parked in front of his home on October 31, 1954. The automobile was returned to

Hogan about seven weeks later. In November 1954, the last day of the deer season, defendants engaged a tourist cottage on Highway 67 in Butler County, Missouri, under the names of Mr. and Mrs. Eugene Hogan. They arrived in, and kept there, Walter Hogan's automobile. About three weeks later, defendants were arrested by a highway patrol sergeant who recovered from them Walter Hogan's Chevrolet. Indiana had advised Missouri authorities that Dobson was wanted for grand larceny and for parole violation and they had a pick-up order on the Indiana license plate which was on the Chevrolet automobile which was in possession of defendants and also a pick-up order for Dobson, who was, the report said, driving the car with that license plate.

■ The foregoing evidence was clearly sufficient to sustain the conviction of defendants for the larceny of a motor vehicle under the provisions of Section 560.165 RSMo 1949, V.A.M.S. (repealed, effective 90 days after May 31, 1955). There was direct testimony that the automobile recovered from defendants was the same automobile stolen from Mr. Hogan, and defendants' recent, exclusive, and unexplained possession of that stolen automobile was sufficient to sustain their conviction. State v. Denison, 352 Mo. 572, 576–580, 178 S.W. 2d 449, 452–454; State v. Abbott, Mo., 265 S.W.2d 316, 320 [3].

■ Defendants contend that there was a fatal variance between the charge in the information and the proof adduced. The information averred that the 1954 Chevrolet automobile was the property of *Wilford* Hogan, while the proof showed that the Chevrolet was the property of *Walter* Hogan. Section 546.080 RSMo 1949, V.A.M.S., provides in part: "Whenever on the trial of any felony or misdemeanor, there shall appear to be any variance between the statement in the indictment or information and the evidence offered in proof thereof, in the christian name or surname, or both the christian name and surname, * * *

or in the ownership of any property named or described therein, such variance shall not be deemed grounds for an acquittal of the defendant, unless the court before which the trial shall be had shall find that such variance is material to the merits of the case and prejudicial to the defense of the defendant." By the express provision of the foregoing statute, the instant variance between the information and proof was cured unless the trial court found (subject to appellate review) that such variance was material to the merits of the case and prejudicial to the defendants' defense. The trial court not only did not so find in the instant case, but defendants' present contention was not asserted in the trial court. It cannot be successfully urged here for the first time. The trial court's ruling on the question was necessary to preserve it for appellate review. State v. Barker, 64 Mo. 282, 285; State v. Myers, Mo., 147 S.W.2d 444, 446 [2, 3]; State v. Long, 278 Mo. 379, 386, 213 S.W. 436, 438 [4].

■ Defendant further complains that the information does not allege that the automobile was stolen in Indiana and brought into Butler County, Missouri, and therefore fails to validly or properly charge grand larceny. Section 541.040 RSMo 1949, V.A.M.S., provides: "Every person who shall steal, or obtain by robbery, the property of another in any other state or country, and shall bring the same into this state, may be convicted and punished for larceny in the same manner as if such property had been feloniously stolen or taken in this state, and in any such case the larceny may be charged to have been committed, and every such person may be indicted and punished, in any county into or through which such stolen property shall have been brought."

The information in the instant case charged that defendants "at and in the County of Butler and State of Missouri and on or about the first day of December, A. D. 1954, one 1954 Chevrolet automobile,

the property of Wilford Hogan, of the value of Fourteen Hundred Dollars ($1400.00), did wilfully, unlawfully and feloniously steal, take and carry away, and against the peace and dignity of the state." Charging that the larceny occurred in the county in this state into which the property was brought, even though the property was stolen in a foreign state, has been held proper and sufficient and not violative of the constitutional guaranty that the defendant has the right to know the nature and character of the charge preferred against him. State v. Mintz, 189 Mo. 268, 289-293, 88 S.W. 12, 19, 20.

Neither verdict finding the respective defendants guilty of grand larceny as charged and assessing punishments of 15 and 5 years, respectively, stated where the defendants should be imprisoned and, in that respect, each was incomplete. That imperfection, however, was not a fatal defect. State v. Herman, Mo., 280 S.W.2d 44, 46 [6].

The information was in proper form. State v. Murchie, Mo., 225 S.W. 954, 955, 957 [1]; State v. Mintz, supra. Defendants were arraigned, entered pleas of not guilty, and were present throughout the trial. They were accorded allocution, their respective sentences were within the limits prescribed by Section 560.165, supra, in effect at the time of the commission of the offense and the judgments pronounced by the court conformed to the requirements of law.

In the various documents filed here by defendant Dobson pro se and in behalf of defendant Miller, many of the matters complained of are such that they could not be determined from the transcript before us, even if those matters had been preserved for appellate review. Error is charged in the state's attorney's jury argument but that argument is not in the transcript and, even if it were, no error pertaining thereto was assigned in defendants' motions for new trial. Dobson complains of the conduct of

his trial attorney before, during, and since the trial, of his treatment in the Butler County jail, of the conduct of the sheriff, of the manner in which the jury reached its verdict, and of other matters, none of which we may determine on the record before us.

We have examined the instructions in the case, even though no errors pertaining thereto were assigned in the motions for new trial, and find them not deficient in the respects mentioned in defendants' various briefs and supplemental briefs here filed.

It follows that the judgments are affirmed.

VAN OSDOL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.